IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANIEL DAVIDSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. _____ |
| **SHOGUN IN GREENVILLE, INC.** and | § | |
| | § | |
| **DAE SUNG "JASON" ROH,** an Individual, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Daniel Davidson ("Davidson" or "Plaintiff") and in support of his causes of action alleges as follows:

#### I.   PARTIES

1.  Plaintiff is a resident of Texas. Plaintiff is a Caucasian male.

2.  Defendant Shogun In Greenville, Inc., ("Shogun") is a Texas corporation with its principal place of business in Greenville, Texas.

3.  Defendant Dae Sung Roh aka Jason Roh ("Roh") is an Individual who resides in Texas.

#### II.   JURISDICTION AND VENUE

4.  This action arises under United States Code, Title 42, § 1981 *et seq.*

5.  Venue properly lies in this Court because all acts and omissions giving rise to this claim (specifically the employment decisions addressed herein) took place in Hunt County, which is in the District and Division in which suit has been filed.

III.     FACTS SUPPORTING PLAINTIFFS' CLAIMS

6. Shogun operates an Asian-themed restaurant in Greenville, Texas. Roh is the owner and operator of Shogun.

7. Plaintiff worked for Shogun as the General Manager of the restaurant. In that capacity, Plaintiff performed numerous managerial activities, including hiring new staff.

8. Jin Shin ("Shin") served as Shogun's Kitchen Manager. At the beginning of Plaintiff's employment, Roh advised Plaintiff that Shin managed all kitchen operations and, though Plaintiff served as the General Manager, Plaintiff should not direct Shin's staff. Rather, Roh advised Plaintiff that Plaintiff should direct his questions about the restaurant to Shin.

9. During the course of Plaintiff's employment, Plaintiff also came to learn that Shin and Roh, and, upon information and belief, their respective families, are close friends.

10. In or about March 2019, Plaintiff hired an African-American waitress at Shogun. Shogun does not hire Asian-only employees in furtherance of any sense of authenticity.

11. After Plaintiff hired the African-American waitress, Plaintiff hired an African-American dishwasher. When Plaintiff attempted to introduce Shin to the new African-American employee, Shin refused to shake his hand.

12. Later, Shin told Plaintiff not to hire any more African-American employees. Shin claimed the restaurant needed to depict an Asian influence. Shin, however, did not object to hiring Caucasian or Hispanic employees. Plaintiff objected to the directive, as Plaintiff understood such a demand violated state and federal law.

13. Shogun previously employed another manager, Josh Highland ("Highland"). Upon information and belief, Highland also heard Shin make racially-derogatory statements and complained to Megan Hargroves ("Hargroves"), Shogun's Operations Director. Upon

information and belief, Hargroves told Highland she would address the discriminatory language with Shin.  Plaintiff does not know if any conversation ever occurred between Hargroves and Shin in response to Highland's complaint.

14. In June 2019, Shin told Plaintiff that Plaintiff should stop hiring African-American employees.  Shin indicated the Hispanic and Caucasian employees were harder workers and should be preferred as employees.  Plaintiff informed Shin that such comments were inappropriate in the workplace.

15. In light of Shin's comments, Plaintiff contacted Hargroves.  Plaintiff complained to Hargroves that Shin made several racially-derogatory and blatantly unlawful comments regarding hiring African-Americans.  Hargroves told Plaintiff she would address the matter with Roh.

16. Shortly after Plaintiff's complaint to Hargroves, Shin approached Plaintiff and demanded to know if Plaintiff had a problem with Shin.  Plaintiff explained that he had a problem with Shin's racially-derogatory language and hiring instructions.  Shin then told Plaintiff that Plaintiff was terminated, despite the fact that Plaintiff, by virtue of his title, should be senior to Shin.

17. Plaintiff immediately called Roh and advised Roh that Shin terminated him based on Plaintiff's complaint to Hargroves.  Rather than support Plaintiff, Roh informed Plaintiff that Plaintiff could resign or be terminated.

18. Plaintiff then demanded he be paid for his weekly salary, as he recently became a salaried employee, instead of an hourly employee.  Roh refused.  In response, Plaintiff threatened Roh that Plaintiff would call Hargroves if Roh did not pay Plaintiff his full salary.

19. Roh relented and agreed to pay Plaintiff his full weekly salary on the condition that Plaintiff not tell Hargroves about the decision to terminate him as a result of the racist comments Plaintiff reported.

20. After this discussion with Roh, Shogun terminated Plaintiff.

## IV.   STATEMENT OF CLAIMS

***RETALIATION UNDER* 42 U.S.C. § 1981**

21. Plaintiff incorporates Paragraphs 1 through 20 hereinabove as if fully set forth herein at length.

22. 42 U.S.C. § 1981 prohibits retaliation when an employee complains of race or color discrimination under the statute.

23. Plaintiff complained about Shin's racially-derogatory remarks and hiring directives.

24. After Plaintiff complained, he was confronted by Shin and terminated. Plaintiff appealed the termination decision to Roh, and Roh supported Shin.

25. Violations under 42 U.S.C. § 1981 provide for liability on the part of the corporate employer and any individual decision-maker.

26. As a result of Defendants' actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues both Shogun and Roh.

## V.   REMEDIES

WHEREFORE, Plaintiff prays that the Court grant him the following relief:

a. Back pay and front pay in a precise amount to be determined by the jury;

b. Compensatory damages against Defendant as a consequence of Defendant's unlawful actions, in a precise amount to be determined by the jury;

c. Punitive damages, in a precise amount to be determined by the jury;

d. Liquidated damages;

e. Prejudgment and post-judgment interest;

f. Reasonable attorneys' fees, expenses and costs, as specifically authorized by statute, to be calculated by the Court pursuant to the established procedures and precedents; and

g. Such other relief as the Court shall deem just and proper.

## VI. JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully submitted,

**THE COLES FIRM**
4925 Greenville Ave., Suite 200
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(972) 692-7145 (Facsimile)


By: s/Michael E. Coles
    Michael E. Coles
    State Bar No. 24007025

*Of Counsel:*

Elizabeth Aten Lamberson
State Bar No. 24027044
6333 E. Mockingbird Ln, Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFF
DANIEL DAVIDSON**